JS-6

O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIRONDACK INSURANCE EXCHANGE; ALLSTATE COUNTY MUTUAL INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE INSURANCE COMPANY; ALLSTATE NEW JERSEY INSURANCE COMPANY; ALLSTATE NEW JERSEY PROPERTY AND CASUALTY INSURANCE COMPANY; ALLSTATE NORTHBROOK INDEMNITY COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; CENTURYNATIONAL INSURANCE COMPANY; DIRECT GENERAL INSURANCE COMPANY; DIRECT GENERAL INSURANCE COMPANY OF NEW JERSEY; DIRECT INSURANCE COMPANY; ENCOMPASS HOME AND AUTO INSURANCE COMPANY; ENCOMPASS INDEMNITY COMPANY; ENCOMPASS PROPERTY AND CASUALTY INSURANCE COMPANY OF NEW JERSEY; | Case No. 8:24-cv-01134-JWH-MRW<br>Case No. 8:24-cv-01139-JWH-AGR<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND CASES TO ORANGE COUNTY SUPERIOR COURT** |

| | |
|---|---|
| 1 | ESURANCE INSURANCE COMPANY; |
| 2 | ESURANCE INSURANCE COMPANY OF NEW JERSEY; |
| 3 | ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY; |
| 4 | IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY; |
| 5 | INTEGON GENERAL INSURANCE CORPORATION; |
| 6 | INTEGON INDEMNITY CORPORATION; |
| 7 | INTEGON NATIONAL INSURANCE COMPANY; |
| 8 | INTEGON PREFERRED INSURANCE COMPANY; |
| 9 | MIC GENERAL INSURANCE CORPORATION; |
| 10 | NATIONAL GENERAL INSURANCE COMPANY; |
| 11 | NATIONAL GENERAL INSURANCE ONLINE, INC.; |
| 12 | NEW SOUTH INSURANCE COMPANY; |
| 13 | PERSONAL EXPRESS INSURANCE SERVICES, INC.; |
| 14 | QBE INSURANCE CORPORATION; |
| 15 | SAFE AUTO INSURANCE COMPANY; and |
| 16 | STANDARD PROPERTY AND CASUALTY INSURANCE COMPANY, |
| 17 | |
| 18 | Plaintiffs, |
| 19 | v. |
| 20 | KIA CORPORATION, HYUNDAI MOTOR AMERICA, |
| 21 | HYUNDAI MOTOR COMPANY, and KIA AMERICA, INC., |
| 22 | |
| 23 | Defendants. |
| 24 | NEW JERSEY MANUFACTURERS INSURANCE COMPANY, |
| 25 | Plaintiff, |
| 26 | v. |
| 27 | HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR COMPANY, |
| 28 | KIA AMERICA, INC., and |

| | |
|---|---|
| KIA CORPORATION, | |
| | Defendants. |

Before the Court are the two nearly identical motions[1] filed by Plaintiffs in the above-captioned related cases[2] to remand these actions to Orange County Superior Court. Defendants Hyundai Motor America; Hyundai Motor Company; Kia America, Inc.; and Kia Corporation—the same Defendants in each case—removed each case from Orange County Superior Court to this Court pursuant to the doctrine of "snap removal," which requires some explanation.

After a plaintiff files a case in state court, a defendant may remove that case to federal court pursuant to, among other jurisdictional doctrines, diversity jurisdiction. *See* 28 U.S.C. § 1332 (stating that district courts "have original

---

[1] *See* Mot. to Remand [ECF No. 18 in Case No. 8:24-cv-01134-JWH-MRW (the "*Adirondack* Case")]; Mot. to Remand [ECF No. 19 in Case No. 8:24-cv-01139-JWH-AGR (the "*New Jersey Manufacturers* Case")] (jointly, the "Motions"); *see also* Notice of Related Case(s) [ECF No. 4 in each case].

[2] Plaintiffs in the *Adirondack* Case are Adirondack Insurance Exchange; Allstate County Mutual Insurance Company; Allstate Fire And Casualty Insurance Company; Allstate Indemnity Company; Allstate Insurance Company; Allstate New Jersey Insurance Company; Allstate New Jersey Property And Casualty Insurance Company; Allstate Northbrook Indemnity Company; Allstate Property and Casualty Insurance Company; Centurynational Insurance Company; Direct General Insurance Company; Direct General Insurance Company of New Jersey; Direct Insurance Company; Encompass Home and Auto Insurance Company; Encompass Indemnity Company; Encompass Property and Casualty Insurance Company of New Jersey; Esurance Insurance Company; Esurance Insurance Company of New Jersey; Esurance Property and Casualty Insurance Company; Imperial Fire and Casualty Insurance Company; Integon General Insurance Corporation; Integon Indemnity Corporation; Integon National Insurance Company; Integon Preferred Insurance Company; MIC General Insurance Corporation; National General Insurance Company; National General Insurance Online, Inc.; New South Insurance Company; Personal Express Insurance Services, Inc.; QBE Insurance Corporation; Safe Auto Insurance Company; and Standard Property and Casualty Insurance Company. Plaintiff in the *New Jersey Manufacturers* Case is New Jersey Manufacturers Insurance Company.

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states"). But, even if the parties are diverse, a defendant who is a citizen of the state in which the action is filed may not remove that action to federal court. *See* 28 U.S.C. § 1441(b); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."). That limitation on a defendant's right to remove a case is known as the "forum defendant rule." *Id.*

Some courts allow a defendant who is a citizen of the state in which the case was filed to circumvent the forum defendant rule by removing the action to federal court *before* that defendant is formally served—a process commonly known as "snap removal."[3] This potential loophole exists because the statute that establishes the forum defendant rule explicitly prohibits a non-diverse defendant who has been "properly joined *and served*" from removing the case based upon diversity jurisdiction. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added).

Here, Plaintiffs assert that the forum defendant rule bars removal of the cases because Defendants Hyundai Motor America and Kia America, Inc. are citizens of California; Plaintiffs argue that the Court should not accept snap removal as a justification for skirting the forum defendant rule.[4]

---

[3]   *See* Notice of Removal [ECF No. 1 in each case].

[4]   *See generally* Motions.

A circuit split exists regarding the acceptability of snap removal, and to date the Ninth Circuit has explicitly declined to rule on the issue. *See, e.g.*, *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964-65 (9th Cir. 2024) (explicitly not resolving the issue in the Ninth Circuit but determining that a forum defendant cannot remove the action before it is even filed in state court). In the absence of binding authority, based upon its exhaustive review of recent caselaw, this Court chooses to reject snap removal.[5] Indeed, another court in this District recently remanded four other cases that Defendants in this case list as related. *See Allied Property and Casualty Insurance Company v. Hyundai Motor America*; *Alliance*

---

[5] In the following 16 cases, the Court rejected snap removal and remanded the action: *Allied Property and Casualty Insurance Company et al v. Hyundai Motor America et al*, *Alliance United Insurance Company et al v. Hyundai Motor America et al*, *Erie Insurance Company et al v. Hyundai Motor America et al*, and *Country Casualty Insurance Company et al v. Hyundai Motor America et al* (combined cases), 2024 WL 3495340 (C.D. Cal. July 22, 2024); *Badger v. Inari Med., Inc.*, 2024 WL 3276202 (C.D. Cal. July 1, 2024); *Hershey v. Lab'y Corp. of Am. Holdings*, 2024 WL 2958947 (C.D. Cal. June 11, 2024); *Ebadat v. Philly Auto Inc.*, 2024 WL 2732233 (C.D. Cal. May 28, 2024); *U.S. Bank Nat'l Ass'n v. Pac. Life Ins. Co.*, 2023 WL 8890832 (C.D. Cal. Dec. 21, 2023); *Stevenson v. Apyx Med. Corp.*, 2023 WL 6387307 (C.D. Cal. Sept. 29, 2023); *Parra v. Citizens Telecom Servs. Co. LLC*, 2023 WL 5044925 (C.D. Cal. Aug. 7, 2023); *Menchaca v. Howmet Aerospace, Inc.*, 2023 WL 2504995 (C.D. Cal. Mar. 14, 2023); *Guillen v. Vie De France Yamazaki, Inc.*, 2022 WL 3211219 (C.D. Cal. Aug. 9, 2022); *Ross v. United Airlines, Inc.*, 2022 WL 1302680 (C.D. Cal. Apr. 30, 2022); *La Bella v. Bamboo IDE8 Ins. Servs.*, 2022 WL 1045968 (C.D. Cal. Apr. 7, 2022); *Woolfenden v. Target Corp.*, 2021 WL 6618635 (C.D. Cal. Nov. 16, 2021); and *Gralnik v. DXC Tech., Inc.*, 2021 WL 5203333 (C.D. Cal. Nov. 8, 2021). In the following six cases, the Court accepted snap removal: *Zalvin v. Carrel*, 2024 WL 1121790 (C.D. Cal. Mar. 14, 2024); *Kornfeind v. Kia Am., Inc.*, 2023 WL 8456111 (C.D. Cal. Dec. 6, 2023); *Lawton v. Hyundai Motor Am., Inc.*, 2023 WL 8018100 (C.D. Cal. Nov. 20, 2023); *Harrison v. Sonesta Int'l Hotels Corp.*, 2023 WL 5351873 (C.D. Cal. Aug. 18, 2023); *Hong Kong Cont'l Trade Co. Ltd. v. Nat. Balance Pet Foods, Inc.*, 2023 WL 2664246 (C.D. Cal. Mar. 28, 2023); and *Choi v. Gen. Motors LLC*, 2021 WL 4133735 (C.D. Cal. Sept. 9, 2021).

*United Insurance Company v. Hyundai Motor America*; *Erie Insurance Company v. Hyundai Motor America*; and *Country Casualty Insurance Company v. Hyundai Motor America* (combined cases), 2024 WL 3495340 (C.D. Cal. July 22, 2024). Moreover, in the context of class actions, the Ninth Circuit appears to have rejected the analog of snap removal under the Class Action Fairness Act. *See generally Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053 (9th Cir. 2019).

Defendants invite the Court's attention to supplemental authority—*Mayes v. Am. Hallmark Ins. Co. of Texas*, 2024 WL 3894306 (9th Cir. Aug. 22, 2024)—in support of their argument that this Court should deny Plaintiffs' instant Motions and accept snap removal.[6] Defendants contend that remand is improper because in *Mayes*, the Ninth Circuit affirmed that a defendant may remove a case when the defendant becomes aware of the complaint but has not yet been served.[7] *See id.* at *2-*3. But *Mayes* did not deal with snap removal because the removing defendant, American Hallmark Insurance Company of Texas, was diverse from the plaintiff, a resident of Oregon. *See Mayes v. Am. Hallmark Ins. Co. of Texas*, 2021 WL 6127887, at *1 (D. Or. Nov. 15, 2021). Therefore, *Mayes* does not alter the Court's conclusion with respect to the impropriety of snap removal.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Plaintiffs' instant Motions to remand are **GRANTED**.

---

[6] Notice of Suppl. Authority [ECF No. 38 in the *Adirondack* Case and ECF No. 39 in the *New Jersey Manufacturers* Case].

[7] *See generally id.*

2. These two actions are **REMANDED** to Orange County Superior Court.

**IT IS SO ORDERED.**

Dated: September 16, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE